GRIFFIN, J.,
dissenting.
I respectfully dissent.
The appealed judgment was entered on February 18, 1999. The income of the physician husband was approximately $198,000, or $12,234 per month net. Alimony awarded was $3,000 per month; child support, $2,400. Until the marital residence sold, husband was responsible to advance the mortgage payment of $2,430, subject to reimbursement from the proceeds of the sale for all payments made since June 1, 1997. The court also ordered payment of the children’s private school tuition of $2,192, which was reduced by a 40% contribution by wife after September 1999. The $408 car payment lasted until June 1999. Thus, the current total monthly obligation, including husband’s contribution to the marital debt, is around $7,500 per month. It is true that, before the house was sold and wife’s obligation to contribute to the tuition and medical expenses commenced, the total gross monthly pay-out was close to $11,000. But these payments were temporary, they were alleviated by the tax benefits and amounted essentially to a cash-flow problem that only husband could absorb. There was no abuse of discretion.